UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Aaron Guerrero, | Case No. 2:24-cv-01083-CDS-BNW |
| Plaintiff | **Order Granting Plaintiff's Motion to Correct Defendant's Name, Dismissing and Closing Case** |
| v. | |
| Avram, et al., | |
| Defendants | [ECF No. 4] |

Plaintiff Aaron Guerrero brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he allegedly suffered while incarcerated at High Desert State Prison. ECF No. 1-1. On June 14, 2024, the magistrate judge ordered Guerrero to either pay the full $405 filing fee or file a complete application to proceed *in forma pauperis* by August 13, 2024. ECF No. 3. That deadline expired without payment of the filing fee or an application to proceed *in forma pauperis* by Guerrero. Rather, he filed a motion and a notice asking the court to correct the spelling of the first defendant's name from Auram to Avram. (ECF Nos. 4, 5). I grant this motion. But neither document that Guerrero filed seeks an extension of the deadline to address the matter of the filing fee or otherwise responds to the court's order about that matter. So for the reasons discussed below, I dismiss this action without prejudice.

I.   Discussion

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in

expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Guerrero's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this court must collect reasonable fees from parties initiating lawsuits, and this litigation cannot progress without Guerrero's compliance with the court's orders, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. These circumstances do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II. Conclusion

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Aaron Guerrero's failure to either pay the filing fee or file an application to proceed *in forma pauperis* in compliance with the court's June 14, 2024, order.

It is further ordered that Guerrero's motion to correct the name of the first defendant from Auram to Avram **[ECF No. 4] is granted**.

The Clerk of Court is directed to update the docket to reflect that the first defendant is named Avram.

The Clerk of Court is further directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Guerrero wishes to pursue his claims, he must file a complaint in a new case and either pay the required filing fee or file an application to proceed *in forma pauperis*.

Dated: November 19, 2024

_____
Cristina D. Silva
United States District Judge